**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **DEBORAH H. ALVORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )**CAUSE NO:** 3:09cv-335-H |
| | ) |
| **DEMING, MALONE, LIVESAY &** | ) |
| **OSTROFF, P.S.C.,** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.    This is an employment discrimination action brought by Plaintiff, Deborah H. Alvord ("Alvord"), against Defendant, Deming, Malone, Livesay & Ostroff, P.S.C., ("Defendant" or "DMLO"), for unlawfully violating her rights as protected by the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 et. seq., the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 et seq. and Kentucky Revised Statute ('KRS") 344.010 et. seq

**II. PARTIES**

2.    At all times relevant to this action, Alvord resided in Jefferson County in the Commonwealth of Kentucky and within the Western District of Kentucky.

3.    Defendant is a certified public accounting firm which at all relevant times maintained an office and conducted business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; 29 U.S.C. § 626; and 42 U.S.C. § 12117.

5.      Plaintiff's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6.      Defendant is an "employer" within the meaning of 29 U.S.C. § 630(b), 42 U.S.C. § 12111(5)(A) and KRS 344.030(2).

7.      Alvord is an "employee" within the meaning of 29 U.S.C. § 630(f), 42 U.S.C. § 12111(4) and KRS344.030(5).

8.      Alvord has a "disability" and/or Defendant regarded him as having a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

9.      Alvord is a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8) and KRS 344.040(1).

10.      Alvord satisfied her obligation to exhaust her administrative remedies, having timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her age and disability.  Alvord received the appropriate Notice of Suit Rights and brings this original action within ninety (90) days of her receipt thereof.

11.      All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Western District of Kentucky, thus venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

12.     Alvord was born in 1944.

13.     Alvord was hired by Defendant on or about August 22, 2005 as a Tax Specialist. She worked for three months in 2004 for the Defendant in a similar capacity before being asked to join them full time in 2005.  Alvord was expected to work 1500 hours on annual basis.

14.     At all times relevant, Alvord met or exceeded Defendant's legitimate performance expectations.

15.     On or about September 21, 2006, Alvord received her only performance review during her employment with the Defendant, which resulted in a 5.56% raise due to good performance on Alvord's part.

16.     During her employment by Defendant, Alvord was under the direct supervision of Sara Gould ("Gould"), a director at DMLO.

17.     Alvord has suffered from the symptoms of Multiple Sclerosis ("MS") for several years, but was not formally diagnosed with it until June 16, 2008.  Alvord's physical impairment substantially limits her ability to walk, *inter alia*.

18.     Defendant was aware of Alvord's MS diagnosis.

19.     In or about the end of June 2008, Alvord asked Gould directly if Gould had seen any deterioration in Alvord's effectiveness due to her MS.  Gould replied that she was pleased with Alvord's work performance.

20.     Shortly after learning of Alvord's diagnosis, on or around June 30, 2008, Defendant asked Nancy Vuckson ("Vuckson"), who had previously provided temporary assistance to Defendant, to remain on through the summer and fall of 2008.

21.     Yet, Gould had not increased her number of clients at the time that Vuckson was asked to continue working for Defendant.  As a result, there was less billable work available to Alvord.  Furthermore, Defendant began to shift assignments from Alvord to Vuckson.

22.     Alvord was also assigned several non-billable duties at DMLO, which were created with the knowledge and assistance of Cyndy Holahan, a DMLO manager. These tasks were meant to help with Gould's productivity and organization in performing final reviews of client files and following up with clients for additional necessary information.

23.     On or about October 2, 2008, Gould informed Vuckson and Alvord that she was going to do annual performance reviews. Alvord volunteered to receive the first review.

24.     Upon entering Gould's office, Alvord was informed that Jerry Hurt ("Hurt"), managing director at DMLO, would join them for the review.

25.     When Hurt joined Gould and Alvord, he informed Alvord that she was being terminated.

26.     Hurt alleged that Alvord had not met her 1500 hour requirement; however, Alvord had in fact worked over 1500 hours in the previous fiscal year.

27.     Hurt also accused Alvord of forgetfulness and producing messy returns; neither of which she had previously been cited for, spoken to or warned about.

28.     When Alvord asked which returns were messy, she was told by Hurt that it did not matter as the firm had decided they "wanted a younger image."

29.     Hurt also told Alvord repeatedly that DMLO did not want any trouble from her.

30.     As Alvord was collecting her personal belongings from her work area, Gould approached her and said that she "tried to get them to stop, but they wouldn't."

31.     Defendant replaced Alvord with an individual who is twenty four (24) years old.

32.     Defendant has not terminated the employment of similarly situated younger individuals and/or non-disabled individuals in similar circumstances.

## V. CAUSES FOR ACTION

### COUNT I: DISABILITY DISCRIMINATION

33.     Alvord hereby incorporates paragraphs one (1) through thirty-two (32) of her complaint as if the same were set forth at length herein.

34.     Defendant discriminated against Alvord based on her disability or its perception of her disability.

35.     Defendant's intentional and willful actions were taken in reckless disregard for Alvord's rights as protected by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.S. § 12112(b)(4) and KRS 344.110, et. seq.

36.     Alvord has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: AGE DISCRIMINATION

37.     Alvord hereby incorporates paragraphs one (1) through thirty-six (36) of her complaint as if the same were set forth at length herein.

38.     Defendant discriminated against Alvord on the basis of her age.

39.     Defendant has willfully and intentionally discriminated against Alvord on the basis of her age in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C.S. § 621 et. seq. And KRS 344.110, et. seq.

40.     Alvord has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Deborah H. Alvord, by counsel, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.      Reinstate Alvord to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Alvord of front pay in lieu thereof;

2.      Payment to Alvord of all lost wages and benefits incurred as a result of Defendant's unlawful actions;

3.      Payment to Alvord of compensatory damages for Defendant's violations of the ADA and KRS 344.010, et. seq.;

4.        Payment to Alvord of liquidated damages for Defendant's intentional and/or willful violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et. seq.;

5.      Payment to Alvord of punitive damages for Defendant's violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.S. § 12112(b)(4);

6.      Payment to Alvord of pre- and post-judgment interest;

7.      Payment to Alvord of all costs and attorney fees incurred in litigating this action; and

8.      Provide to Alvord any and all other legal and/or equitable relief this court deems just and appropriate.

-6-

Respectfully submitted,

BIESECKER & DUTKANYCH

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III,
Kentucky Attorney No. 91190
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:    (502) 561-3418
Facsimile:    (502) 561-3444
Email:         ad@bdlegal.com
*Attorneys for Plaintiff, Deborah H. Alvord*

## DEMAND FOR JURY TRIAL

Plaintiff, Deborah H. Alvord, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

BIESECKER & DUTKANYCH

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III,
Kentucky Attorney No. 91190
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:    (502) 561-3418
Facsimile:    (502) 561-3444
Email:         ad@bdlegal.com
*Attorneys for Plaintiff, Deborah H. Alvord*